**FILED**

JAN 7 - 2010

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA              :
                                      :     Misc. Action No.:   10-0005 (RMU)
          v.                          :
                                      :
PAUL A. SLOUGH *et al.*,              :
                                      :
          Defendants.                 :

## MEMORANDUM ORDER

**ORDERING THE IMMEDIATE DISCLOSURE OF REDACTED VERSIONS OF THE PARTIES' PRE- AND POST-HEARING MEMORANDA AND ALL OTHER BRIEFS SUBMITTED IN CONNECTION WITH THE *KASTIGAR* HEARING; DIRECTING THE CLERK OF THE COURT TO UNSEAL ALL MATERIALS RELATING TO THE *KASTIGAR* HEARING ON FEBRUARY 2, 2010**

Beginning on October 14, 2009, the court held a *Kastigar* hearing to explore whether the government had impermissibly used the defendants' compelled, immunized statements in the course of its prosecution. In connection with this hearing, the parties drafted extensive pre- and post-hearing memoranda, submitted into evidence hundreds of exhibits and offered the testimony of twenty-five witnesses.

Upon the joint request of the defendants and the government, these proceedings and all related filings have been maintained under seal pursuant to an order issued from the bench on October 14, 2009.[1] The court explained the necessity of sealing the *Kastigar* hearing as follows:

> [T]he danger [attendant] to media coverage of the instant *Kastigar* hearing [is] far more specific and severe than the generalized risk of jury taint. This hearing will explore whether or not any immunized testimony was improperly used in connection with this prosecution. If . . . as the defendants contend, such immunized testimony was given by the defendants, media coverage of the hearing will surely expose potential jurors and witnesses to this testimony, greatly diminishing defendants' prospects of a fair trial [free] from such taint.

---

[1]   The court order issued this order after reviewing a written submission from the *Washington Post* and hearing oral argument from an attorney representing the *Washington Post* regarding its right to access these proceedings. *See* Hr'g Tr., Oct. 14, 2009 at 5-11.

Hr'g Tr., Oct. 14, 2009 at 12.  The court also noted that the *Kastigar* hearing would likely

involve a detailed examination of grand jury proceedings, which are generally kept secret.  *Id.* at

13.  Lastly, the court concluded that "[g]iven the centrality of purportedly immunized testimony

and grand jury minutes to this hearing, the Court . . . found no practical way to permit the public

partial access to the hearing."  *Id.* at 14.

On December 31, 2009, the court issued a memorandum opinion dismissing the

indictment in its entirety based on the government's failure to prove that it did not use the

defendants' compelled, immunized statements in the course of the prosecution.  *See generally*

Mem. Op. (Dec. 31, 2009).  The court's memorandum opinion cited portions of the hearing

transcript, exhibits, pre- and post-hearing memoranda and other sealed materials in explanation

of its holding.  *See generally id.*

On January 4, 2010, the *Washington Post* submitted a request for access to the sealed

materials, including all memoranda and briefs, hearing transcripts and exhibits.  *See* Letter from

James McLaughlin, dated Jan. 4, 2010, at 1.  In its request, the *Washington Post* asserts that

"[t]he public's interest in these matters . . . is even greater since the *Kastigar* issue has become

dispositive of the government's entire case."  *Id.*

On January 5, 2010, the *Associated Press* joined in the *Washington Post*'s request.  *See*

Letter from Jeanette Bead, dated Jan. 5, 2010 at 1-3.  Noting that the court's December 31, 2009

memorandum opinion places on the public record facts disclosed during the closed hearing, the

*Associated Press* asserts that "[i]f no compelling interest requires the Court's summary of the

testimony and evidence to be sealed, it is difficult to understand the reason for continuing to keep

secret the evidence, transcripts and arguments of counsel upon which the Court's decision is based."[2] *Id.* at 3.

Both the government and the defendants respond that the court should refrain from unsealing the *Kastigar* materials prior to the expiration of the government's time to appeal the court's December 31, 2009 ruling.[3] *See generally* Govt's Response to Court's Order Concerning Potential Unsealing of *Kastigar* Record ("Govt's Opp'n"); Defs.' Objection to Present Disclosure of *Kastigar* Record ("Defs.' Opp'n"). The parties note that until the government exhausts its appeal rights, the possibility of a trial remains. Govt's Opp'n at 3-4; Defs.' Opp'n at 1. Given this possibility, the parties argue, the same considerations that led the court to seal the *Kastigar* record in the first instance support keeping these materials under seal.[4] Govt's Opp'n at 3-4; Defs.' Opp'n at 1.

As a form of compromise, the government proposes that the parties submit redacted versions of their post-hearing memoranda for public release. Govt's Opp'n at 4. This proposal, the government suggests, would address the First Amendment concerns raised by the *Washington Post* and the *Associated Press* while limiting the dissemination of tainted information. *Id.*

The Supreme Court has recognized that a qualified First Amendment right of access applies to many pretrial hearings in criminal matters. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13 (1986). This right of access extends to documents and other materials

---

[2]   On January 5, 2010, the court ordered any party objecting to the media's request for access to promptly file a written opposition. *See* Order (Jan. 5, 2010).

[3]   The government must file a notice of appeal on or before February 1, 2010. *See* 18 U.S.C. § 3731; FED. R. APP. P. 4(b).

[4]   The defendants also assert that if the court orders disclosure, they should be given an opportunity to review the record and remove any information implicating privacy concerns pursuant to Federal Rule of Criminal Procedure 49.1. Defs.' Opp'n at 2.

submitted in connection with such hearings. *See In re N.Y. Times Co.*, 828 F.2d 110, 113 (2d

Cir. 1987); *Associated Press v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 705 F.2d 1143, 1145

(9th Cir. 1983). The Supreme Court has noted, however, that

> [w]hile open criminal proceedings give assurances of fairness to both the public
> and the accused, there are some limited circumstances in which the right of the
> accused to a fair trial might be undermined by publicity. In such cases, the trial
> court must determine whether the situation is such that the rights of the accused
> override the qualified First Amendment right of access.

*Id.* at 9; *see also Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979) (noting that "[t]o

safeguard the due process rights of the accused, a trial judge has an affirmative constitutional

duty to minimize the effects of prejudicial pretrial publicity").

To overcome the public's qualified First Amendment right of access, the court must

make specific, on-the-record findings that "closure is essential to preserve higher values and is

narrowly tailored to serve that interest." *Press-Enterprise*, 478 U.S. at 13-14. The Supreme

Court has remarked that special publicity considerations exist for hearings concerning potentially

inadmissible, tainted evidence:

> Publicity concerning pretrial suppression hearings . . . poses special risks of
> unfairness. The whole purpose of such hearings is to screen out unreliable or
> illegally obtained evidence and insure that this evidence does not become known
> to the jury. Publicity concerning the proceedings at a pretrial hearing, however,
> could influence public opinion against a defendant and inform potential jurors of
> inculpatory information wholly inadmissible at the actual trial.

*Gannett Co.*, 443 U.S. at 378. Indeed, this Circuit has expressly observed that a district court

may conduct a closed *Kastigar* hearing to limit the dissemination of tainted materials. *United

States v. De Diego*, 511 F.2d 818, 824 (D.C. Cir. 1975).

Although the court's December 31, 2009 memorandum opinion discloses some sealed

material, including portions of some of the defendants' compelled statements, disclosure of the

entire *Kastigar* record will reveal significantly more information regarding these compelled

statements.  As the court explained in its October 14, 2009 ruling, the dissemination of such

information would materially increase the likelihood of prejudicial juror and witness taint.  Thus,

the court concludes that so long as a future trial following appellate review remains a possibility,

maintaining the *Kastigar* materials under seal and limiting the dissemination of additional tainted

material serve the important purpose of preserving the effectiveness of appellate review by

ensuring that a fair trial remains possible.

At the same time, the court sees no reason to maintain these documents under seal

indefinitely.  Indeed, neither party has offered any justification for withholding these documents

from the public beyond the expiration of the government's time to lodge an appeal of the court's

December 31, 2009 decision.  *See generally* Govt's Opp'n; Defs.' Opp'n.

In addition, if the parties were to redact all references to tainted information contained in

the memoranda and briefs they submitted in connection with the *Kastigar* hearing, these

materials could be disclosed promptly without any fear of exacerbating witness or juror taint.

The court expects that the preparation of these redactions will entail a minimal burden, as only

information that specifically implicates the concerns addressed in the court's October 14, 2009

sealing order should be redacted.[5]

Thus, to balance the public's First Amendment right of access with the defendants' right

against prejudicial pretrial publicity, it is this 7th day of January, 2010, hereby

**ORDERED** that on or before January 11, 2010 at 12:00 p.m., the government and the

defendants shall submit redacted versions of their pre- and post-hearing memoranda, as well as

all memoranda and briefs submitted in connection with the *Kastigar* hearing, under seal for the

court's review; and it is

---

[5]     Indeed, the court advised the parties in mid-November 2009 that the court intended to order the
parties to produce redacted versions of their pre- and post-hearing memoranda.

**FURTHER ORDERED** that the Clerk of the Court shall unseal all materials relating to

the *Kastigar* hearing on February 2, 2010.[6]

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

---

[6]     Because the government's filing of a notice of appeal would remove this court's jurisdiction over
the case, any application to maintain these materials under seal after the filing of a notice of
appeal would have to be made to the Circuit.